IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DOMINIC BLACK,                      :
                                    :
        Plaintiff                   :    CIVIL NO. 3:CV-18-1291
                                    :
    v.                              :
                                    :    (Judge Conaboy)
                                    :
LISA MOSER, ET AL.,                 :
                                    :
        Defendants                  :
_____

## MEMORANDUM
### Background

Dominic Black, an inmate presently confined at the State Correctional Institution, camp Hill, Pennsylvania (SCI-Camp Hill) initiated this pro se civil rights action. Named as Defendants are the Pennsylvania board of Probation and Parole (Parole Board) and two of its employees, Director Lisa Moser and Secretary Kimberly Barkley. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2. The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Plaintiff states that he entered a nolo contendre plea on June 13, 2013 to charges of simple assault and reckless endangerment. As a further consequence, Black was also charged with a parole

1

violation. The Parole Board conducted a parole violation hearing for the Plaintiff at SCI-Camp Hill on August 16, 2013.

The Complaint alleges that the Parole Board recalculated Black's maximum release date from June 17, 2017 to February 2, 2022 without conducting a revocation hearing and without authorization by a judicial officer. It is noted that the Complaint also indicates that Parole Board conducted a parole hearing in Black's case on August 16, 2013 at SCI-Camp Hill which resulted in the recalculation of Plaintiff's maximum release date. See Doc. 1, ¶ IV. Black maintains that the action of the Parole Board constituted false imprisonment and an illegal sentence as well as violating the prohibition against double jeopardy, the Ex Posto Clause, the Separation of Powers doctrine, and the Fourth and Eighth Amendments.

As relief, Black seeks modification of his sentence to time served, immediate release as well as monetary damages. See Doc. 1, ¶ VI. Plaintiff further notes that he has also filed a federal habeas corpus petition.

## **Discussion**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130,

132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Habeas Corpus**

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646.

The United States Supreme Court in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) announced that prisoners may challenge the constitutionality of state parole proceedings in § 1983 actions seeking declaratory and injunctive relief. However, the Court indicated that such actions could only be employed in cases where success of the procedural challenges would not necessarily require

3

immediate or speedier release for the prisoner. The Plaintiff's challenge to the recalculation of his maximum release date is not the type of scenario envisioned in Wilkinson.

In Wilkinson, unlike the present case, the prisoner did not seeks immediate or speedier release into the community. The Supreme Court clearly stated in Wilkinson that § 1983 could not be employed in cases such as the present matter which if successful would necessarily demonstrate the invalidity of the applicant's confinement or its duration. Unlike Wilkinson, this is also not a case where an inmate is challenging the legality of a specific Parole Board policy, practice, or custom.

Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present claims of illegal confinement and related request to be immediately released are not properly raised in a civil rights complaint. Accordingly, those claims will be dismissed without prejudice to any right Black may have to pursue said allegations via a federal habeas corpus petition.

**Monetary Damages/ Heck**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order,

4

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, Black's action raises claims that he was subjected to illegal and excessive confinement in violation of his constitutional rights. Based on the nature of Plaintiff's allegations, a finding in his favor would clearly imply the invalidity of his ongoing state confinement. There is no indication that Black has successfully appealed or otherwise challenged either the Parole Board's recalculation of his maximum release date. As previously noted, this is also not a case where a plaintiff is challenging the legality of a specific Parole Board policy or procedure.

Consequently, pursuant to Heck, Black's instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal and excessive confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

## Conclusion

Since Black's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. However, if he so chooses, Black may challenge the legality

5

of his ongoing confinement/Parole Board proceeding in a federal habeas corpus petition, if appropriate.  An appropriate Order will enter.


                                    S/Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge


DATED: JULY 3, 2018